## HAYES v. MESTANIZ.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

Note—Consideration.

A note given by defendant to plaintiff in renewal of the note of a third person given to plaintiff, with defendant's indorsement. thereon, for the amount of such person's debt to plaintiff, has sufficient consideration.

Appeal from superior court of New York City, jury term.

Action by George Hayes against Liubomir R. Mestaniz. From a judgment on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

C. J. Hardy, for appellant.

A. T Goodwin, for respondent.

VAN.BRUNT, P. J. The complaint in this action set out two causes of action,—one for work, labor, and services; and the other upon a promissory note for $970.84,—the defendant being the maker and the plaintiff the payee of the note sued upon. The answer denied all the allegations of the complaint as to the first cause of action; and as to the second cause of action admitted the making of the note, and its nonpayment, and alleged that it was made solely for the accommodation of the plaintiff, and that the defendant received no consideration for it from the plaintiff. Upon the

trial the first cause of action was abandoned, and the plaintiff proved the note in suit. The defendant proved by himself that the note in question, together with another note, had been given in renewal of a previous note, which latter note had also been given in renewal of a prior note; and that the original note was made by a third party to the order of the plaintiff himself, and indorsed by the defendant. It is claimed upon the part of the defendant that he showed by his own testimony that he had received no consideration from the plaintiff or from any one for the first note, thus substantiating his defense of want of consideration. An examination of the testimony, however, shows that this claim is not well founded. The prior notes were each for $1,970.84, and when the defendant took up the second of the prior notes he gave the plaintiff two notes, one for $1,000 and one for $970.84; the latter the one here sued upon. It further appeared that the plaintiff had previously sued on the $1,000 note, and obtained a judgment. The plaintiff, upon this trial, proved that the original note was one of the Riverside Bridge & Iron Works, who were indebted to him in the amount of the note; and that this note was payable to the plaintiff's order, and at the time of its delivery to him was indorsed by the defendant. Upon this note becoming due, it was renewed by the defendant giving his own note therefor, and taking up the note of the Riverside Bridge & Iron Works. When that note fell due it was not paid by the defendant, but the two notes above mentioned were given. Upon this state of facts the court directed a verdict for the plaintiff, apparently upon the ground that the judgment obtained upon the $1,000 note was conclusive upon the question of consideration as to the note sued upon it this action, being given at the same time, and as part of the same transaction. It is urged upon the part of the defendant that this was error, and that the judgment in question was not conclusive against the defendant in this action, because it appeared from the record introduced that the question of consideration in regard to that note was not adjudicated upon in consequence of the fact that the defendant was unable to present his defense. Although it is somewhat difficult to see how a recovery in the previous action did not involve the question as to the consideration for which these two notes were given, which were part and parcel of the same transaction, yet it is not necessary to consider that question in order to sustain the judgment appealed from. The evidence shows that the origin of the note in suit was the indorsement by the defendant of the note of the Riverside Bridge & Iron Works, who were indebted to the plaintiff, and paid such indebtedness by the giving of their note, indorsed by the defendant, as above mentioned. This note was renewed by the defendant giving his own note therefor, and that note was renewed by the giving of the two notes, one of which forms the subject-matter of this action. There seems to have been a complete consideration for the giving of the note in question. Under the circumstances, the defendant was obligated to pay the first note given, although the plaintiff was the payee, and said note apparently having been given for the purpose of obtaining credit;.

and the subsequent renewals were based upon the same consideration.

The judgment should be affirmed, with costs.   All concur.